UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

HEATH PETERSEN,

    Plaintiff,

v.                                 Case No. 20-cv-1422

CHAFFEE'S FUNERAL LIVERY         JURY TRIAL DEMANDED
SERVICE, INC.,

    and

KAREN M. CHAFFEE,

    Defendants.

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Heath Petersen ("Plaintiff") brings this action against his former employers, Chaffee's Funeral Livery Service, Inc. ("Chaffee's Livery") and Karen M. Chaffee ("Ms. Chaffee"), for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and for violations of Wisconsin wage and hour laws, and the Emergency Paid Sick Leave Act ("EPSLA") arising out of his employment at Chaffee's Funeral Livery Service, Inc. and termination therefrom.

2. During his employment at Chaffee's Livery, Plaintiff was not compensated at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a given workweek.

3. During his employment at Chaffee's Livery, Plaintiff took emergency paid sick leave pursuant the EPSLA.

4. Although Defendants paid Plaintiff as required under the EPSLA, Defendants nevertheless terminated Plaintiff in retaliation for his taking leave pursuant to the EPSLA.

5. Plaintiff brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

6. Plaintiff brings this action pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.*, 103.01 *et seq.*, Wis. Admin. Code §§ DWD 272.001, and DWD 2740.01 *et seq.* for purposes of obtaining relief for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

7. Plaintiff brings this action pursuant to the Emergency Paid Sick Leave Act ("EPSLA") (Section 5101 of the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 127, 2020 Enacted H.R. 6201, 116 Enacted H.R. 6201, 134 Stat. 178) and by extension the FLSA for purposes of obtaining relief for lost wages, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

8. Defendants Chaffee's Livery and Ms. Chaffee's willful, dilatory, and unjust failure to compensate Plaintiff at one and one-half times his regular rate for

2

Case 2:20-cv-01422-NJ    Filed 09/10/20    Page 2 of 15    Document 1

hours worked in excess of forty hours in a given workweek violates the FLSA and Wisconsin law.

9. Defendants Chaffee's Livery and Ms. Chaffee's willful, dilatory, and unjust failure to compensate Plaintiff at his agreed-upon wage rate for all hours worked violates Wisconsin law.

10. Defendants Chaffee's Livery and Ms. Chaffee's willful, dilatory, and unjust retaliation against Plaintiff for having taken leave pursuant to the EPSLA violates the FLSA and EPSLA.

## JURISDICTION AND VENUE

11. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq*.

12. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Defendants Chaffee's Livery and Ms. Chaffee have substantial and systematic contacts in this District.

## PARTIES

3

14. Defendant Chaffee's Livery is a Wisconsin Corporation with a principal place of business located in West Allis, Wisconsin.

15. Defendant Chaffee Livery's registered agent for service of process is Ms. Chaffee, located at W182N4886 Green Crane Dr., Menomonee Falls, WI 53051.

16. Defendant Ms. Chaffee is an adult resident of Waukesha County in the State of Wisconsin. Ms. Chaffee is the owner of Chaffee's Livery and has controlled all aspects of its operations – including compensation and human resources – at all times relevant to this matter.

17. Chaffee's Livery and Ms. Chaffee are joint employers and collectively referred to hereinafter as "Defendants."

18. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff's rights to relief are asserted against Defendants and arise out of the same series of occurrences and common questions of law and fact.

19. Plaintiff is an adult resident of Milwaukee County in the State of Wisconsin.

## GENERAL ALLEGATIONS

20. Defendants operate and have operated Chaffee's Livery – a company engaged in the business of funeral transportation services – in Milwaukee, Wisconsin at times since January 2016.

21. From approximately July 1, 2012 through April 29, 2020, Plaintiff was employed by Defendants at Chaffee's Livery.

22. Plaintiff worked at Chaffee's Livery as a crematory operator.

23. From approximately July 1, 2012 until April 29, 2020, Plaintiff's job duties at Chaffee's Livery primarily consisted of tasks such as meeting with funeral directors, receiving remains, carrying out the cremation process, ensuring all cremation documents were complete and accurate, maintaining the crematorium, and assisting with funeral services.

24. From approximately July 1, 2012 until April 29, 2020, Defendants suffered and permitted Plaintiff to work approximately 40-45 hours per week for Defendants at Chaffee's Livery, performing crematorium duties.

25. From approximately July 1, 2012 until March 2015, Plaintiff did not receive overtime compensation for hours worked.

26. From approximately March 2015 until March 30, 2016, Plaintiff did not receive overtime compensation for hours worked but instead received unpaid time off. During this period, Defendants often mandated unpaid time off in lieu of overtime compensation.

27. For Plaintiff's work in the three years preceding the filing of this complaint, Defendants owe him approximately $6,850.00 in overtime wages (excluding liquidated damages).

28. In or about March 2019, Plaintiff was diagnosed with advanced heart failure, for which he was subsequently hospitalized.

29. Plaintiff notified Defendants that he had advanced heart disease and returned to work in or about May 2019.

30. On or about March 19, 2020, Plaintiff's cardiologist directed him to self-quarantine because his advanced heart failure places him at an increased risk of severe illness from COVID-19.

31. On or about March 19, 2020, Plaintiff's cardiologist sent a letter to Defendants explaining that Plaintiff was directed to self-quarantine because Plaintiff's advanced heart failure places him at an increased risk from COVID-19.

32. Pursuant to his cardiologist's recommendations, Plaintiff began self-quarantine on or about March 19. 2020.

33. On or about March 19, 2020, Ms. Chaffee called Plaintiff's cardiologist and badgered him with questions about Plaintiff's ability to return to work.

34. On or about March 19, 2020, Ms. Chaffee sent an email to Plaintiff and demanded that he tell her by April 24, 2020 when he could return to work.

35. On or about April 23, 2020, Plaintiff's cardiologist sent an email to Ms. Chaffee that included a letter permitting Plaintiff's return to work with restrictions related to social distancing.

36. On or about April 23, 2020, Plaintiff told Ms. Chaffee that he planned to return to work on April 27, 2020. Ms. Chaffee responded that that a death in her family had occurred and she would let him know when he was permitted to return to work.

37. On April 29, 2020, Defendants terminated Plaintiff's employment, citing budgetary concerns.

6

38. On information and belief, Chaffee Livery's annual dollar volume of sales or business done in 2020 has met or is projected to meet $960,000.00.

39. On April 29, 2020, Defendants issued a letter to Plaintiff terminating his employment, along with a proposed separation agreement that included a $5,000.00 severance payment and one week of compensation for accrued but unused vacation. Plaintiff declined to sign the separation agreement.

40. Defendants did provide paid leave to Plaintiff in conjunction with his cardiologist directed self-quarantine and pursuant to the EPSLA.

41. Defendants then fired Plaintiff in retaliation for his having practiced self-quarantine, at the explicit direction of his cardiologist, and for having exercised his right to paid leave under the EPSLA.

42. Defendants' actions as alleged herein were willful, dilatory, and unjust and have deprived Plaintiff Petersen of compensation owed to him pursuant to the FLSA, Wisconsin law, and the EPLSA.

43. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

44. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

**FIRST CLAIM FOR RELIEF**

**Violations of the Fair Labor Standards Act – Overtime Wages**

45. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

46. Between approximately August 2017 and April 29, 2020, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Chaffee's Livery.

47. Between approximately August 2017 and April 29, 2020, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Ms. Chaffee.

48. Between approximately August 2017 and April 29, 2020, Chaffee's Livery was an employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

49. Between approximately August 2017 and April 29, 2020, Ms. Chaffee was an employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

50. Between approximately August 2017 and April 29, 2020, Chaffee's Livery was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

51. Plaintiff is a victim of Defendants' compensation policies and practices in violation of the FLSA, by Defendants' failure to compensate Plaintiff for all work performed, including payment of overtime premium compensation for each hour worked in excess of forty hours in any given workweek.

8

Case 2:20-cv-01422-NJ     Filed 09/10/20     Page 8 of 15     Document 1

52. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of good for commerce. 29 U.S.C. § 207(a)(1).

53. Defendants were and are subject to the overtime pay requirements of the FLSA because Chaffee's Livery is an enterprise engaged in commerce and/or Plaintiff was engaged in commerce during his employment by Defendants, as defined by the FLSA, 29 U.S.C. § 203(b), between August 2017 and April 29, 2020.

54. Defendants' failure to properly compensate Plaintiff was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions in compliance with the FLSA and, as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

55. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

56. As a result of Defendants' willful violations of the FLSA, Defendants have unlawfully withheld overtime compensation from Plaintiff, for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

57. Plaintiff is entitled to damages equal to the amount of unpaid wages owed and mandated overtime premium pay within the three years preceding the

date of the filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully in violation of the FLSA.

58. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF

### Violations of Wisconsin Law – Unpaid Overtime and Agreed-Upon Wage Provisions

59. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

60. Between approximately August 2017 and April 29, 2020, Plaintiff was an employee within the meaning of Wis. Stat. § 109.01(1r).

61. Between approximately August 2017 and April 29, 2020, Plaintiff was an employee within the meaning of Wis. Stat. § 103.001(5).

62. Between approximately August 2017 and April 29, 2020, Plaintiff was an employee within the meaning of Wis. Stat. § 104.01(2)(a).

63. Between approximately August 2017 and April 29, 2020, Plaintiff was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64. Between approximately August 2017 and April 29, 2020, Plaintiff was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65. Between approximately August 2017 and April 29, 2020, Chaffee's Livery was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2).

66. Between approximately August 2017 and April 29, 2020, Chaffee's Livery was an employer of Plaintiff within the meaning of Wis. Stat. § 103.001(6).

67. Between approximately August 2017 and April 29, 2020, Chaffee's Livery was an employer of Plaintiff within the meaning of Wis. Stat. § 104.01(3)(a).

68. Between approximately August 2017 and April 29, 2020, Chaffee's Livery was an employer of Plaintiff within the meaning of Wis. Admin. Code § DWD 272.01(5).

69. Between approximately August 2017 and April 29, 2020, Chaffee's Livery was an employer of Plaintiff within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

70. Between approximately August 2017 and April 29, 2020, Ms. Chaffee was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2).

71. Between approximately August 2017 and April 29, 2020, Ms. Chaffee was an employer of Plaintiff within the meaning of Wis. Stat. § 103.001(6).

72. Between approximately August 2017 and April 29, 2020, Ms. Chaffee was an employer of Plaintiff within the meaning of Wis. Stat. § 104.01(3)(a).

73. Between approximately August 2017 and April 29, 2020, Ms. Chaffee was an employer of Plaintiff within the meaning of Wis. Admin. Code § DWD 272.01(5).

74. Between approximately August 2017 and April 29, 2020, Ms. Chaffee was an employer of Plaintiff within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

75. Between approximately August 2017 and April 29, 2020, Defendants failed to pay Plaintiff overtime premium compensation at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a given workweek, in violation of Wisconsin law.

76. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

77. The foregoing conduct, as alleged above, constitutes willful violation of Wisconsin law.

78. As set forth above, Plaintiff has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his respective unpaid compensation and such other legal and equitable relief as the Court deems just and proper.

79. Under Wis. Stat. § 109.11, Plaintiff is entitled to civil penalties equal and up to fifty percent of his unpaid wages.

80. Plaintiff seeks and is entitled to the recovery of his attorneys' fees and the costs incurred through this action to be paid by Defendants pursuant to Wisconsin wage laws.

## **THIRD CLAIM FOR RELIEF**

**Retaliation under the Emergency Pay Sick Leave Act and the Fair Labor Standards Act**

81. Plaintiff reasserts and incorporates by reference all previous paragraphs as set forth herein.

82. Each Defendant was an "employer" of Plaintiff within the meaning of the EPSLA.

83. Plaintiff qualified for leave under the EPSLA because he was diagnosed with advanced heart failure, because he was at severe and heightened should he contract COVID-19, and because his cardiologist directed him to self-quarantine, notifying Defendants accordingly via a legitimate medical certification.

84. Plaintiff was entitled to 80 hours of paid leave under the EPSLA, or $1331.00.

85. Under the EPLSA, and by extension the FLSA, an employer may not discharge, discipline, or in any other manner discriminate against any employee who takes leave pursuant to the EPSLA.

86. An employer who willfully violates the anti-retaliation provisions of the EPSLA shall be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)), and be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

87. Accordingly, Defendants violated the EPSLA and FLSA when they fired Plaintiff for taking leave.

88. Defendants' violations of the EPSLA and FLSA were willful.

89. Defendants' violations of the EPSLA and FLSA were done with actual malice.

90. For Defendants' violations of the EPSLA and FLSA, Defendants are liable to Plaintiff for lost wages, an equal amount as liquidated damages, punitive damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Petersen respectfully prays that this Court grant the following relief:

a) An Order finding that Defendants violated the FLSA and Wisconsin minimum wage and overtime wage laws;

b) An Order finding that Defendants violated the EPSLA and by extension the FLSA in terminating Plaintiff

c) An Order finding that Defendants violations of the FLSA and Wisconsin law with respect to earned wages were willful, dilatory, and unjust;

d) An Order finding that Defendants violations of the EPSLA and FLSA with respect to retaliatory termination were willful, dilatory, and unjust;

e) Judgment against Defendants in the amount equal to Plaintiff's unpaid wages at the applicable agreed-upon rates and overtime rates for all time spent performing work for which Plaintiff was not paid pursuant to the rate mandated by the FLSA and/or Wisconsin law.

f) An award in the amount of all liquidated damages and civil penalties available to Plaintiff Petersen as provided under the FLSA, Wisconsin law, and the EPLSA, including lost wages both real and prospective resulting from Plaintiff's termination;

g) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

h) Such other relief as the Court deems just and equitable.

14

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated this 10th day of September, 2020.

                                                  Respectfully submitted,

                                                  *s/ Summer H. Murshid*
                                                  Summer H. Murshid
                                                  SBN 1075404

                                                **Hawks Quindel, S.C.**
                                                  222 East Erie Street
                                                  Suite 210
                                                  P.O. Box 442
                                                  Milwaukee, WI 53201-0442
                                                  Telephone: (414) 271-8650
                                                  Fax: (414) 271-8442
                                                  Email(s): smurshid@hq-law.com